FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 11 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COREY REID,

                  Plaintiff,

- against -

WARDEN MATTHEWS,

                  Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-6794 (AMD)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* petitioner filed the instant action, captioned as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging my decision to grant an extension of time to the respondent in the petitioner's pending habeas case, *Reid v. Matthews*, 18-cv-4066 (AMD). The Court grants the petitioner's request to proceed *in forma pauperis* for the purpose of this action. I have reviewed the petition and determined that the petitioner is not entitled to the relief he seeks. For the reasons set forth below, the petition is dismissed.

Because the plaintiff is proceeding *pro se*, I construe his pleadings liberally, and interpret his filing to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Nevertheless, a *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005)). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when: (1) "the 'factual contentions are

clearly baseless,'"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

On November 27, 2018, the petitioner filed a petition pursuant to 28 U.S.C. § 2241, arguing that his "pre trial writ of habeas corpus have [sic] been going on for four months without excusable delay as required," and "the district judge presiding over 18-cv-4066 granted the respondent an enlargement to answer the order to show cause contrary to Fed. R. Civ. P. 6(b)(2)." (ECF No. 1.) Section 2241 permits habeas corpus review for federal or state prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner is not challenging the constitutionality of his detention in this action, but instead, is challenging my decision to give his adversary additional time to respond. This is not a proper claim under § 2241, so it is dismissed.

I realize that the petitioner is eager to have his case decided, and I assure him that I will treat him fairly. But many of his filings are frivolous, and waste the Court's resources. The petitioner should not file any more frivolous actions in this Court. *See* Fed. R. Civ. P. 11(b). Although he is proceeding *pro se*, the petitioner must follow the Federal Rules of Civil Procedure.

## CONCLUSION

The application for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. A certificate of appealability will not issue because the petitioner has not made a substantial showing of the denial of constitutional right. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*

*Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED:

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: December 10, 2018
Brooklyn, New York